FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

2015 JUN 26 P 4: 38

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **TANYA M. JOHNSON, MD**<br>909 Chinquapin Road<br>McLean, Virginia  22102 | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| **ROBERT SHIELDS INTERIORS, INC.**<br>14325 Platinum Drive<br>Gaithersburg, MD 20878 | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

No. 1:15-cv-820
AJT/TCB

[**SERVE:** Clerk of the State Corporation Commission
1300 East Main Street
Tyler Building
1st floor
Richmond, Virginia 23219]

### COMPLAINT FOR DAMAGES

Plaintiff Tanya M. Johnson, by the undersigned counsel, brings this action to recover damages suffered as a result of breach of contract, violation of the Virginia Consumer Protection Act, and trespass by defendant, Robert Shields Interiors, Inc.

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Tanya Johnson, MD, is an adult residing in McLean, Virginia.

2.  Defendant Robert Shields Interiors, Inc. ("RSI") is a Maryland corporation with its principal office in Gaithersburg, Maryland.

3.  RSI regularly conducts business in Virginia and in the District of Columbia.

4.  The actions complained of in this proceeding took place in McLean, Virginia.

PALEY, ROTHMAN,
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301) 654-7354

1

5.  This Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.

6.  Venue is proper in this district under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7.  In September 2014, Dr. Johnson hired RSI to perform professional interior design, space planning, and decorating services for her home in McLean, Virginia.  Dr. Johnson interviewed several companies before selecting RSI.

8.  An important initial selection criterion for Dr. Johnson had been the ability of the selected company to make substantial progress toward completion of the design project by Thanksgiving and the year-end holiday season.  As an inducement for Dr. Johnson to select RSI, Robert Shields, RSI's principal and agent, assured Dr. Johnson that RSI could and would achieve such progress by Thanksgiving.  On the basis of that assurance and in reliance on the terms of the contract presented to her by RSI, Dr. Johnson hired RSI effective September 18, 2014.

9.  The parties executed a Letter of Agreement ("Agreement") drafted by RSI.  At the same time Dr. Johnson paid RSI a $10,000 non-refundable retainer required under the Agreement.  A true and correct copy of the Agreement is attached to this complaint as Exhibit 1.

10. Over the next several months, RSI did not perform as agreed, in multiple respects.  RSI was slow to get started and made insubstantial progress by Thanksgiving and the year-end holidays. In fact, plaintiff spent the holidays in her home without most of her furniture.  RSI was often unresponsive, sometimes for extended periods of time.  RSI did not provide a clear and detailed budget of the project costs and it charged significant sums for "research" and "CAD drawings" which were unnecessary or excessive or both.  Despite the Agreement's promise of an hourly fee

2

for the services to be rendered, the plaintiff has learned that RSI charged her for hidden and unauthorized markups or kickbacks on furniture and other purchases in violation of the Virginia Consumer Protection Act of 1977, §§59.1-196, et seq., Code of Virginia (the "Act"). RSI charged Dr. Johnson for furniture pieces that were not approved, were damaged, were the wrong item, or were discovered to be used goods, in violation of the Act. Deliveries of items were not coordinated to reduce costs, and, on information and belief, Dr. Johnson was charged mark-ups by RSI on items for which no mark-up was permitted under the Agreement, in further violation of the Act.

11. In total, RSI billed and received more than a quarter million dollars from the plaintiff, much of which was for unauthorized, improper or unlawful charges.

12. RSI and its agents entered Dr. Johnson's property and her home on multiple occasions without permission, despite being repeatedly told by Dr. Johnson that they should not do so, causing Dr. Johnson concern for her safety.

13. Dr. Johnson has suffered significant damages, including but not limited to excessive, unauthorized and improper charges, charges for damaged, used, and unapproved pieces in violation of the terms of the Agreement and in violation of the Act. The foregoing violations of the Act by RSI were intentional.

14. Additionally, the plaintiff has been injured by the repeated and willful trespasses on her property by RSI and its employees and agents.

15. Finally, defendant RSI has caused the plaintiff to incur the costs and attorneys' fees of this action.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

16. Plaintiff incorporates the factual allegations of paragraphs 1 - 15.

17. As set forth above, the Parties entered into the contract identified above and attached to this complaint as Exhibit 1.

18. Plaintiff Johnson performed all obligations with respect to the Agreement that she was legally obligated to perform, unless excused.

19. Defendant RSI breached the Agreement by the various wrongful acts and omissions described.

20. As a result of Defendant's breaches of contract, Plaintiff has suffered significant direct and consequential damages, in a sum to be proven at trial, in excess of $75,000.

21. Plaintiff is also entitled to pre-judgment interest, attorneys' fees pursuant to the Agreement, and costs.

## SECOND CAUSE OF ACTION

### (Violation of the Virginia Consumer Protection Act of 1977)

22. Plaintiff incorporates the factual allegations of paragraphs 1 - 21.

23. The goods and services supplied by defendant RSI were supplied in connection with a consumer transaction.

24. The goods and services supplied by defendant RSI were provided in Virginia.

25. The defendant violated the Virginia Consumer Protection Act of 1977 (the "Act") by, among other things:

   a. Misrepresenting that the goods or services had certain quantities, characteristics, ingredients, uses, or benefits;

4

    b.  Misrepresenting that goods or services were of a particular standard, quality, grade, style, or model;

    c.  Offering for sale goods that were used, secondhand, repossessed, defective, blemished, deteriorated, or reconditioned, or that are "seconds," irregulars, imperfects, or "not first class," without clearly identifying the goods as such;

    d.  Offering goods or services with intent not to sell them at the price or upon the terms offered;

    e.  Using deception, fraud, false pretense, false promise, or misrepresentation in connection with the plaintiff's transactions.

26. The foregoing actions of defendant RSI were intentional and RSI is liable for treble damages under the provision of the Act.

27. As a result of defendant's violations of the Act, Plaintiff has suffered significant direct and consequential damages, in a sum to be proven at trial, in excess of $75,000.

28. Plaintiff is also entitled to her reasonable attorneys' fees and court costs pursuant to § 59.1-204 D of the Act.

### THIRD CAUSE OF ACTION
#### (Trespass)

29. Plaintiff incorporates the factual allegations of paragraphs 1 - 28.

30. The plaintiff owns the real property located at 909 Chinquapin Road, McLean, Virginia 22102 (the "Property").

31. On multiple occasions plaintiff Johnson expressly told RSI that neither RSI nor its agents were permitted to enter the Property except with the prior authorization of the plaintiff and then only when the plaintiff or her designee was physically present.

32. Notwithstanding the plaintiff's repeated denials of permission for defendant RSI to enter the Property, on multiple occasions RSI or its agents willfully trespassed upon the plaintiff's Property without the express or implied authority from the plaintiff to do so.

33. As a result of the defendant's deliberate and willful actions in trespass, plaintiff has been damaged and is entitled to compensatory and punitive damages against defendant RSI.

## DEMAND FOR JUDGMENT

34. Plaintiff Johnson demands judgment against defendant RSI for:

    a.  Damages for breach of contract in an amount in excess of $75,000;

    b.  Treble damages for violation of the Virginia Consumer Protection Act in an amount in excess of $225,000;

    c.  Damages for trespass in the amount of $15,000, plus punitive damages of $25,000;

    d.  Costs of this action, including reasonable attorneys' fees pursuant to the Virginia Consumer Protection Act; and

    e.  Such other relief as this Court may deem just and proper.

PALEY, ROTHMAN, GOLDSTEIN,
ROSENBERG, EIG & COOPER, Chtd.

BY: _____

   Arthur House
   (Virginia Bar No. 12631)
   ahouse@paleyrothman.com
   4800 Hampden Lane, 7th Floor
   Bethesda, Maryland  20814
   (301) 656-7603
   Fax No. (301) 654-7354
   *Counsel for Plaintiff Tanya M. Johnson, MD*

Of Counsel:
Brian L. Behmer, Esq.
Behmer Law Office
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  858.792.3402
Email:  brian@behmerlaw.com

Dated:  June 26, 2015

# ROBERT
# SHIELDS

LETTER OF AGREEMENT

Between Robert Shields Interiors, Inc. (RSI) and Ms. Tanya Johnson

For services at 909 Chinquapin Rd  McLean, Virginia 22102

Commencing on September 18, 2014

 The services of Robert Shields Interiors, Inc. will consist of design, interiors and space planning and procurement of goods and services related thereto.  These include but are not limited to designation of finishes: color and paint schedules: fabrics, window, floor and wall treatments and coverings: lighting, including hardware and accessories: furniture, furnishings and accessories and supervision for the purpose of ascertaining that approved plans and specifications are complied with.  Presentation boards will be prepared and presented if requested, upon an additional fee.
 Our fee for the above services is as follows:

| | |
|---|---|
| Robert Shields, principal | $300/hr |
| Draft/CAD | 150/hr |
| Office Administration | 65/hr |

*All drawings, specifications and documents prepared by Robert Shields Interiors, Inc. are <u>instruments of service</u> for the execution of the work on the project and are the exclusive property of Robert Shields Interiors, Inc., whether the work on the project is executed or not; and RSI reserves the plan copyright, whether the work on the project is executed or not, and said plan shall not be used on any other project without the RSI's prior written consent.*

 Travel charges: Out of town travel when requested by you will be billed at $1500 per day plus all expenses.
 A non-refundable retainer of **$10,000.00** is to be paid to us upon the signing of this letter. This amount will be credited towards design services used.  All additional hours will be billed monthly.

 Upon your written acceptance of this letter and receipt of the retainer, we will proceed with the various plans, fabrics, finishes, color schemes, etc, for presentation to you.  As selections are made, we will provide you with detailed proposals and request your signed approval and a deposit (amount specified with each proposal on each purchase contract, with the balance due before delivery or at completion of work as specified.  All purchases of goods and labor are subject to the express terms of the individual purchase contract.
 Antiques, works of art and other finished goods especially purchased for you, as well as items from our inventory, are on a per item basis.  Payment in full is required with your acceptance of a quotation for these items.
 Payment in full with the signing of a purchase contract, or acceptance of a quotation, may also be required in accordance with the custom of the trade for other items such as

**EXHIBIT**

tabbies

1

fabrics, wall coverings and floor coverings. Prices do not include freight and shipping, receiving, insurance, storage or applicable taxes unless specifically noted on the purchase contract. You will be billed at cost, plus 10%, for these and for reimbursable expenses such as parking, courier services and requested out-of-area travel. Charges incurred from workrooms for on-site measurements or consultations are your responsibility, whether billed directly by the vendor or through RSI. Orders or purchase contracts that have been issued to a vendor are not cancelable after such issuance.

If you request that RSI make a special effort to expedite the delivery of any goods that you order or purchase, if it appears to RSI, that expediting may be possible, then RSI will undertake to do so, provided that it is understood that RSI cannot guarantee the success of any such endeavor. Moreover, because of the additional effort required in such matters, RSI may require an additional charge of up to 10% (of the goods to be expedited) to be paid immediately along with any additional charge by the vendor. Payment in full for these goods, if not already made, will be required at this time.

*Important – Projected delivery dates are those given to us by the vendors of goods and services. While we do our utmost to insure that these dates are met, we cannot guarantee them. In particular, delivery of fabrics and of goods that must be sent from overseas or from the west coast are frequently subject to delay.*

All billings pursuant to this letter are due upon receipt of our invoice or as otherwise stated in the agreement. Any invoice or other charge that has not been paid in full, within 30 days after receipt of an invoice, is subject to an additional charge of one and one half percent per month on the unpaid portion of the invoice until such has been paid. The undersigned client will pay any legal and/or collection fees incurred by RSI for the collection of unpaid balances due to RSI.

This Letter of Agreement, when signed by both parties, is the basic agreement for services at the above address with respect to the following areas, although additional areas may be added by a signed addendum:

Entire Residence is included.

---

Upon termination of this agreement, any design services that have been incurred or executed, and any items that have been contracted for, pursuant to the terms of this agreement, are and remain your obligation.

Sincerely,

Robert Shields
Robert Shields Interiors, Inc.

Approved)              Date
Tanya Johnson